No. A-CV-17-82

COURT OF APPEALS OF THE NAVAJO NATION

August 6, 1982

Chee B. BENALLY, Appellant,

vs.

Virginia TOLEDO, Appellee.

OPINION AND ORDER

Loretta Morris, Esq., Crownpoint, Navajo Nation (New Mexico) for appellee and Martha Blue, Esq., Flagstaff, Arizona for appellant.

This case presents a very troublesome procedural question. The District Court entered an order of paternity, an appeal was filed, and subsequently the District Court granted a motion for reconsideration. Both the parties on appeal object to the granting of the motion for reconsideration, saying the District Court lost jurisdiction to reconsider its order after the filing of the appeal.

Normally the contentions made by both parties in excellent briefs would be correct, and they correctly state the law that a trial court loses its jurisdiction to act when an appeal has been perfected. However this question is one to be decided by Navajo statutory law, due to the unique jurisdiction of the Court of Appeals and the Chief Justice.

When is an appeal "filed" or "perfected" for the purpose of taking away the authority of the trial court to act? 7 NTC Sec. 801(a) makes it clear that the appeal procedure is to request permission to appeal (which is done under our rules by means of a notice of appeal and brief). The Chief Justice then either grants or denies permission to appeal, based upon a showing of probable cause for review of the decision of the Trial Court. 7 NTC Sec. 801(b). In this case the order granting the motion for reconsideration was granted after the appeal as filed but before the Chief Justice could act.

The parties raise many excellent reasons in law and practical fact as to why the order voiding the judgment and granting a new trial are invalid, and correctly state that this court may act where the District Court exceeds it authority. However, we are in an area where the rights of children are involved, and apparently the Trial Judge found good and sufficient reason to rehear the matter. Because we are dealing with childrens' rights and the Trial Judge is in a position to have a clearer grasp of the situation, the Court of Appeals should defer to the Trial Court until the picture is clarified. Any prejudice a

party may have with respect to the appeals issues may be removed by a trial, and any party suffering from the outcome of the trial may complain to this court.

The appellee asks for a ruling on the merits, but that too should be left to the District Court at this state of the proceedings.

This order is made with great hesitance, and this opinion will be limited to this case pending a full review of the appellate rules by the Navajo Judicial Conference or a future occasion to reconsider the matter. There are many good arguments for and against the rule trial courts lose jurisdiction to rule when an appeal has been perfected, and this order is based upon the facts of this case, the rights of the children involved and judicial economy.

The motion to quash is therefore DENIED, and the District Court is granted leave to proceed. Any appeal from the final action of the District Court shall be consolidated with this appeal, and the Chief Justice will make a final ruling as to the appeal following the proceedings in the District Court.